# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARK ANTHONY FOWLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV418-134 |
| STATE OF GEORGIA, | ) ) | |
| Defendant. | ) | |

## **ORDER**

Civil rights plaintiff Mark Anthony Fowler has submitted for filing a 42 U.S.C. § 1983 complaint seeking monetary and injunctive relief for psychological and medical tests (polygraph and plethysmograph tests) performed on sex offenders. Doc. 1 at 5-6; *see United States v. Medina*, 779 F.3d 55, 65 (1st Cir. 2015) (discussing the "controversial" nature of such testing and the restraints imposed by some appellate courts on its use). The factual allegations in Fowler's Complaint are (charitably) terse. He alleges only that the State of Georgia requires the objectionable tests, but does not expressly allege that he has himself been subjected to them or that he imminently expects to be. *See* doc. 1 at 5.

There is no apparent connection between Fowler's Complaint and this District. None of the objected to testing allegedly occurred here or will occur here, and he names no individual defendant who resides in this District. *See* doc. 1 at 4-5. It seems extremely unlikely that his claims, expressly asserted only against the State of Georgia, *see id*. at 4 (asserting that exhaustion of administrative remedies is not required because the "complaint is against the State of Georgia, not the prison"); *id*. at 6 (seeking "$500,000 settlement from the State of Georgia," among other relief) are viable, given its Eleventh Amendment immunity. *See, e.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State . . . is named as the defendant is proscribed by the Eleventh Amendment. [Cit.] This jurisdictional bar applies regardless of the nature of the relief sought." (citations omitted)). The statutory bases for laying venue in this Court (*i.e.,* the location of the acts or omissions giving rise to the claim, the residence of any named defendant, or, if neither location provides an available forum, "any judicial district in which any defendant is subject to the court's personal jurisdiction," *see*

28 U.S.C. § 1391(b)) are absent.

Fowler is currently incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, in Butts County. Doc. 1 at 5. It appears, therefore, that the proper forum for this case is the United States District Court for the Middle District of Georgia, where he is presently confined. 28 U.S.C. § 1406 (permitting district courts to dismiss or transfer cases suffering from venue defects); 28 U.S.C. § 90(b)(2) (establishing that Butts County lies in the Middle District of Georgia). Accordingly, this case should be **TRANSFERRED** to the Middle District of Georgia for all further proceedings.

**SO ORDERED,** this 6th day of June, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA